UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

KASSANDRA COAN,

      **Plaintiff,**

**v.**

**THOR MOTOR COACH, INC., and
EMERALD COAST RV CENTER,
LLC d/b/a CAMPING WORLD RV
SALES,**

      **Defendant.**

_____/

## DEFENDANT THOR MOTOR COACH, INC.'S NOTICE OF REMOVAL

Defendant, Thor Motor Coach, Inc. ("**Thor**"), by and through undersigned counsel, pursuant to 28 U.S.C. § 1441(a) and Rule 1.06 of the Local Rules of the Middle District of Florida, hereby removes the action pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the "**State Court**"), Case No. 292023CA002088A001HC (the "**State Court Action**"). The State Court is within the Tampa Division of the Middle District of Florida. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## I.   PROCEDURAL BACKGROUND AND COMPLIANCE

1.     On March 9, 2023, Plaintiff, Kassandra Coan ("**Plaintiff**") filed her Complaint and Jury Demand (the "**Complaint**" or "**Compl.**"), the subject of which is a 2022 Thor Chateau 31W, VIN: 1FDXE4FN5NDC21230 (the "**Vehicle**").

2.     In the Complaint, Plaintiff asserted one count against Thor based on Thor's alleged breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and one count against and Emerald Coast RV Center, LLC d/b/a Camping World RV Sales ("**Dealer**") based on Dealer's alleged breach of its duty of care to Plaintiff.

3.     Removal of this action is timely. "The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. § 1446(b). Thor files this notice within thirty days of Plaintiff's filing of the Complaint. Thor has thus timely removed this action.

4.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the State Court Action available to Thor at the time of this removal are attached hereto.

5.     Thor will promptly provide written notice of the filing of this Notice of Removal to Plaintiff, by and through counsel.

6.     Thor will also promptly file a copy of this Notice with the Clerk of the Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in the

69242972;1

underlying State Court Action. A copy of the Notice that will be finalized and filed in the State Court Action is attached hereto as **Exhibit 1**.

7.    The undersigned, as an officer of the Court and subject to Rule 11, has conferred with Thor's co-defendant, Dealer, and has confirmed that Dealer, will consent to and join this Notice of Removal.[1]

8.    Removal of this action to the Tampa Division of the Middle District of Florida is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action was pending.

9.    The allegations of this Notice of Removal are true and correct and this cause is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

10.    If any question arises as to the propriety of this removal, Thor respectfully reserves the right, and also requests the opportunity, to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal and to present a brief and oral argument in support of its position that this action was properly removed.

---

[1] This representation is sufficient to satisfy the rule of unanimity. *See, e.g.*, *Gannon v. HSBC Card Services, Inc.*, 3:10-CV-852-J-32JRK, 2011 WL 2448912, at *2 (M.D. Fla. Apr. 5, 2011) ("The Court agrees with the Sixth and Ninth Circuits that, given the ability of a non-consenting defendant to object to removal and the availability of sanctions under Rule 11, a statement by a removing defendant's attorney—an officer of the court—that a non-removing defendant consents to removal is sufficient to satisfy the rule of unanimity. To require more would elevate form over substance—something that is not compelled by statute or precedent.").

## II.    SUMMARY OF THE GROUNDS FOR REMOVAL

This action is removable to the Tampa Division of the Middle District of Florida based on (**A**) federal question jurisdiction pursuant to 28 U.S.C. § 1331 and (**B**) supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### A.    Federal Question Jurisdiction Under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (the "MMWA").

This Court has federal question jurisdiction over Count I of the Complaint because (**1**) it is a civil action brought under the laws of the United States, specifically, the MMWA and (**2**) the amount in controversy exceeds $50,000.00.

#### 1.    *Count I is a civil action brought under the laws of the United States.*

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 2301 pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("**MMWA**"). *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."); *Brundage v. RV One Superstores, Inc.*, No. 6:19-CV-63-ORL-28GJK, 2019 WL 2022561, at *1 (M.D. Fla. May 8, 2019) ("to bring a claim under the [Magnuson Moss Warranty] Act in federal court, the amount in controversy must be at least $50,000.").

The Complaint specifically alleges a claim for breach of written warranty arising under the MMWA—a federal statute—against Thor. *See* Compl. at Count I. Plaintiff alleges that Thor breached certain express warranties which it contends were actionable under the MMWA in connection with the purchase of the Vehicle. *See id.* Accordingly, Plaintiff seeks relief that relies on the determination of a question of federal law.

### 2.    *The amount in controversy exceeds $50,000.00.*

The amount in controversy requirement of $50,000 for federal question jurisdiction under the MMWA is also met. "[I]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Rola v. Wal-Mart Stores, Inc.*, No. 6:11-CV-468-ORL-28, 2011 WL 3156672, at *5 (M.D. Fla. June 29, 2011), *report and recommendation adopted*, No. 6:11-CV-468-ORL-28, 2011 WL 3111965 (M.D. Fla. July 26, 2011) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)).

Here, it is facially apparent from the Complaint that the amount in controversy exceeds $50,000, even though the Complaint itself does not claim a specific amount of damages. In the Complaint, Plaintiff alleges that "[t]he amount in controversy **DOES** exceed FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest and costs." Compl. at ¶ 1 (emphasis in original). Plaintiff also alleges that the total sale price of the Vehicle was $196,953.60. Compl. at ¶ 10 ("[Dealer] sold the RV to Plaintiff at a total sale price of $196,953.60[.]"); *see also* Compl. at Ex. A (listing the "total sale

price" as $196,953.60). Plaintiff's allegations are accepted as true for removal purposes. *See, e.g., Pretka*, 608 F.3d at 751 ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (citation omitted); *see Bogomazov v. United States Dep't of Homeland Sec.*, No. 1:20-CV-24482, 2022 WL 769801, at *9 (S.D. Fla. Feb. 27, 2022), *report and recommendation adopted*, No. 20-24482-CIV, 2022 WL 767104 (S.D. Fla. Mar. 14, 2022) ("the allegations of the Amended Complaint, which at this [removal] stage must be accepted as true…."); *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1349 (M.D. Fla. 2014) (quoting *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) ("Generally, 'a party is bound by the admissions in his pleadings.'"). As the Eleventh Circuit Court of Appeals has noted,

> Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a ***district court need not suspend reality or shelve common sense in determining whether the face of a complaint … establishes the jurisdictional amount*** …

*Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62, 1064 (11th Cir. 2010) (citations omitted) (emphasis added). Accordingly, from the face of the Complaint, the amount in controversy exceeds $50,000.00, an amount sufficient to remove this claim to federal court.

Alternatively, if the Court does not find the amount in controversy is facially apparent from the above-referenced allegations in the Complaint, "[w]here … the plaintiff does not plead 'a specific amount of damages, the removing defendant must

prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Newman v. Geico Gen. Ins. Co.*, No. 620CV1523ORL41EJK, 2020 WL 13369430, at *1 (M.D. Fla. Oct. 7, 2020) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). "Nonetheless, 'a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.'" *Id.* (quoting *Pretka*, 608 at 754). "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62 (quoting *Pretka*, 6608 F.3d at 754).

Thor provides the Declaration of Mark Stanley, attached as **<u>Exhibit 2</u>** hereto, as well as the documents attached thereto, in support of its analysis of the amount-in-controversy requirement. *See generally* Ex. 3. "[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Anderson v. Lotus Cars USA, Inc.*, No. 8:06-CV-1944T17-TBM, 2007 WL 1229105, at *2 (M.D. Fla. Apr. 26, 2007) (quoting *Williams*, 269 F.3d at 1319).

Plaintiff sought an award of certain damages in the Complaint. First, Plaintiff seeks to recover damages that amount to "the difference between the total sale price of a comparable replacement RV minus the value that Plaintiff could or would receive upon selling or trading the RV." *Id.* at ¶ 54. Under this analysis, and according to the Stanley Declaration attached hereto, the amount in controversy is, at a minimum,

$51,815.00, which amount is exclusive of attorneys' fees and costs. *See* Ex. 2, at ¶ 10. Such amount exceeds $50,000 and thus satisfies the amount-in-controversy requirement.[2]

Plaintiff also alleged that "[i]n the alternative, Plaintiff seeks recovery of damages which include the difference between the subject RV's total sale price minus the value that Plaintiff could or would receive upon selling or trading the RV." Compl. at ¶ 55. Under this analysis, the amount in controversy is either $101,853.60 (difference between sale price and trade in value) or $116,118.60 (difference between sale price and resale value). *See* Ex. 3 at ¶ 9. Such amounts exceed $50,000 and thus satisfy the amount-in-controversy requirement.

Plaintiff also alleged that "[i]n the alternative, Plaintiff seeks to recover the difference between the value of the RV as delivered and as accepted on the date of purchase." Compl. at ¶¶ 56, 60.C. ("the difference in value of the RV as promised and actually delivered…."). It appears that Plaintiff alleges the value as accepted on the purchase date is $0, when read in conjunction with the allegations that "[c]urrently, there is no market for defective RVs" and that, as a result, "the difference in value between Plaintiff's RV as accepted and delivered on the date of sale cannot be calculated with certainty, which makes the award of such damages appropriate under these special circumstances." Compl. at ¶¶ 58-59. Assuming the value of the of the Vehicle as accepted is $0, the Complaint itself constitutes evidence sufficient to

---

[2] The damages Plaintiff seeks in paragraphs 60.A. and 60.B. appear to be redundant of this measure of damages.

demonstrate that the amount-in-controversy is equal to the purchase price of the Vehicle ($196,953.60), which well exceeds $50,000. However, Middle District of Florida has recently characterized such puzzling allegations as "far from clear[,]" *Brundage*, No. 6:19-CV-63-ORL-28GJK, 2019 WL 2022561, at *2, and, as a result, "Defendant cannot reasonably rely on Plaintiffs' confusing and inconsistent assertion that there is no current market for defective RVs in proving that the amount in controversy exceeds $50,000." *Rodriguez v. Winnebago Indus., Inc.*, No. 620CV1610ORL31LRH, 2020 WL 13389090, at *3 (M.D. Fla. Nov. 5, 2020). Consequently, Thor does not rely on the allegations in paragraphs 56 and 60.C. of the Complaint to prove the amount-in-controversy requirement is satisfied.

Plaintiff further "seeks to recover further damages for the loss of use, several cancelled camping trips, and several cancelled future plans of loss of enjoyment." Compl. at ¶ 57. Plaintiff also seeks "loss of use damages;" "cost-to-repair damages;" "incidental damages[;]" "consequential damages[;]" "equitable damages;" and "costs, interest, and actual attorneys' fees[.]" Compl. at ¶¶ 60.D.-E. Plaintiff provides no detail as to the approximate costs of such alleged damages, but these allegations only tend to show that the amount in controversy is *higher* than the amounts set forth above and further establishes the $50,000 threshold is satisfied.

Additionally, available equitable relief under the MMWA arguably includes revocation of acceptance of the contract for purchase. *See* 15 U.S.C. § 2310; *see also Hart v. Newmar Corp.*, 08-81128-CIV, 2009 WL 2151210, at *2 (S.D. Fla. July 16, 2009) (noting that complaint seeking diminution in value damages, incidental and

consequential damages, plus attorneys' fees and costs "is essentially a request for refund and rescission, a form of equitable relief available under the Magnuson–Moss Warranty Act when repairs are not performed within a reasonable number of attempts."). For revocation of acceptance claims under the MMWA, the amount in controversy equals the difference between the amount paid by Plaintiff for the Vehicle and the current value of the Vehicle. *See, e.g.*, *Burns v. Winnebago Indus., Inc.*, 8:10-CV-1441, 2010 WL 3190233, at *3, n.5 (M.D. Fla. Aug. 11, 2010) ("If Plaintiffs sought the remedy of revocation of acceptance, then the amount in controversy would equal the difference between the original purchase price of the RV [a]nd the current value of the RV in its presently defective condition…"). The original purchase price of the Vehicle ($196,953.60) less the current value of the Vehicle (at most, $123,350) is $73,603.60, an amount in excess of the jurisdictional requirement of $50,000. Ex. 3 at ¶ 9.

Accordingly, this Court has jurisdiction over this controversy under 15 U.S.C. § 2310(d)(1)(B) and 28 U.S.C. § 1331, because (**1**) Plaintiff seeks relief pursuant to a federal statute, specifically the MMWA, and (**2**) the amount in controversy under the Plaintiff's MMWA claim in the Complaint exceeds $50,000.00 as stated in 15 U.S.C. § 2310(d)(3)(B).

### B.    Supplemental Jurisdiction

The Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of the Complaint, a state law negligence claim against Dealer, because (**1**) both claims arise under the alleged defects and insufficient repair attempts

to the Vehicle, i.e., a common nucleus of operative fact, and **(2)** the Court has no reason to decline to exercise supplemental jurisdiction. Under 28 U.S.C. 1367(a)

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the ***same case or controversy*** under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of ***additional parties***.[3]

28. U.S.C. § 1367(a) (emphasis added).

### 1. *The federal law claim against Thor and state law claim against Dealer arise out of a common nucleus of operative fact.*

The Court should exercise supplemental jurisdiction over the state law negligence claim against Dealer because it forms the same case or controversy as the MMWA claim against Thor. A state law claim forms the same case or controversy as a federal law claim for removal purposes where it "arise[s] out of a common nucleus of operative fact with a substantial federal law claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022) (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)) (citing 28 U.S.C. § 1367(a)) (emphasis added). As established above, Count I (MMWA) is a federal law claim. Here, the common nucleus of operative facts between the federal law claim and the state law claim are the **(i)** alleged defects and **(ii)** insufficient repairs to the Vehicle, as well as the resulting

---

[3] This applies regardless of whether different claims are asserted against different parties, as "the district court 'shall have' supplemental jurisdiction over ***both*** additional claims ***and additional parties*** when those claims 'are so related to claims in the action within [the] original jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution.'" *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1563 (11th Cir. 1994) (quoting 28 U.S.C. § 1367(a)) (emphasis added).

damages caused by both, which form the basis of *both* Plaintiff's MMWA claim against Thor and Plaintiff's negligence claim against Dealer. *See* Compl. at ¶¶ 23-30, 46-48.

Plaintiff's MMWA claim and negligence claim arise out of the facts of the alleged repair attempt(s) to the Vehicle, especially considering that the warranty at issue requires a certain quality of repair attempts, as Plaintiff acknowledges. *Compare* Compl. at ¶ 48 (Count I) ("*[Thor]'s failure or refusal to adequately repair* the RV is a breach of the warranty.") (emphasis added) *with* Compl. at ¶¶ 63-64 (Count II) ("At the time that *[Dealer] accepted the RV for repairs*, [Dealer] owed Plaintiff a duty to exercise reasonable care to repair, handle, and store the RV. [Dealer breached such duty of reasonable care … by causing the RV to become damages while the RV was in the sole possession, custody, and control of [Dealer].") (emphasis added).

These claims will also hinge on whether the alleged defects to the Vehicle or the allegedly insufficient repair(s) *caused* Plaintiff's alleged damages. Plaintiff explains, in connection with the negligence claim, that "the defects and damages identified in paragraph 30 above, were caused by [Dealer]'s" alleged breach of duty. Compl. at ¶ 65. Similarly, Plaintiff alleges, in connection with the MMWA claim, that the "defects in manufacturing workmanship and materials, … caused" nearly the identical problems and failures as found in paragraph 30, listing issues like leaking, the same issues with the slide, and the same water damages. *Compare* Compl. at ¶ 21 *with* Compl. at ¶ 30. The nearly identical nature of the defects will require greater factual development regarding this common nucleus of facts, which is critical to both claims.

Plaintiff even acknowledges the interrelatedness the two claims two claims in the Complaint, explaining that the warranty serving as the basis for the MMWA claim is connected to the negligence claim against Dealer, "[a]s [Thor]'s recommended servicing dealership ***under the warranty***, Plaintiff relied on [Dealer]'s factory training and expertise to care for and store the RV while in [Dealer]'s control." Compl. at ¶ 62 (emphasis added). Plaintiff again acknowledges the interrelatedness of the two claims in her ad damnum clause of Count II, seeking damages for state law negligence "that would have otherwise been covered under the [Thor] warranty…." Compl. at p. 15 (ad damnum clause). Accordingly, because the state law claim against Dealer arises out of a common nucleus of operative facts as the federal law claim against Thor, they form part of the same case or controversy and the Court should exercise supplemental jurisdiction over the state law claim. *St. Paul Fire & Marine Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 890 F.3d 1265, 1268 (11th Cir. 2018) ("Although the exercise of supplemental power is discretionary, the district courts may exercise supplemental jurisdiction to consolidate closely related claims into a single proceeding in order to preserve judicial resources and avoid inconsistent judgments.").

> **2.   *The Court has no reason to decline to exercise supplemental jurisdiction over the state law claim.***

Under 28 U.S.C. § 1367(c)

(c) The district courts ***may*** decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has
original jurisdiction, or
(4) in exceptional circumstances, there are other compelling
reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). Even where these factors mitigate against

removal, "courts may also consider additional factors, which include judicial

economy, convenience, fairness to the parties, and whether all the claims would be

expected to be tried together." *Malphurs v. Cooling Towers Sys. Inc.*, 709 F. App'x 935,

940 (11th Cir. 2017) (quoting *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d

1350, 1366 (11th Cir. 2010)). "The district court's discretion is broad. We have

observed that 'the doctrine of pendent jurisdiction ... is a doctrine of flexibility,

designed to allow courts to deal with cases involving pendent claims in the manner

that most sensibly accommodates a range of concerns and values.'" *Silas*, 55 F.4th at

865 (quoting *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 530 (11th Cir.

2015)).

First, no novel or complex issue of state law exists, as Plaintiff asserts a simple

negligence claim involving an alleged standard duty of care, nothing near the level of

novelty or complexity sufficient to cause the Court to decline jurisdiction. Second, the

negligence claim does not predominate over the MMWA claim, as the negligence

claim arises out of Thor's alleged breach of warranty and would not have occurred

absent the facts serving as the basis for the MMWA claim; at most, neither claim

dominates another. Third, the MMWA claim, over which the Court has original

14

jurisdiction, has not been dismissed. Finally, no exceptional circumstances or compelling reasons to decline jurisdiction exist.

Additionally, the interests of judicial economy favor the Court's exercise of supplemental jurisdiction, as the claims asserted by Plaintiff involve the same evidence and facts, as shown above. It is nearly certain that these "claims would be expected to be tried together" given the common facts and evidence necessary to prove the claims at issue. *See Malphurs*, 709 F. App'x at 940. Accordingly, the Court should exercise supplemental jurisdiction over the negligence claim against Dealer.

## III.    <u>CONCLUSION</u>

Thor has established that the Court has federal question jurisdiction over Count I of the Complaint because Count I states a claim pursuant to a federal statute and the amount in controversy exceeds $50,000.00. Thor has further established that the Court has supplemental jurisdiction over Count II of the Complaint because Counts I and II arise from a common nucleus of operative fact and the Court has no reason to decline jurisdiction. Accordingly, this case should be removed to the Middle District of Florida, Tampa Division. Thor expressly reserves all defenses to the Complaint, and does not admit any allegation or that Plaintiff is entitled to any relief requested therein.

**WHEREFORE**, the Defendant, Thor Motor Coach, Inc., desiring to remove this case to the United States District Court for the Middle District of Florida, Tampa Division, being the district and division of said Court for the County in which said action is pending in the State Court Action below, prays that the filing of this Notice

of Removal with the Clerk of the Circuit Court of Hillsborough County, Florida shall

effect the removal of said suit to this Court.

Date: April 7, 2023          Respectfully submitted,

> **AKERMAN LLP**
>
> By: */s/ Aleksas A. Barauskas*
>   Aleksas A. Barauskas
>   Florida Bar Number: 68175
>   Primary Email: aleksas.barauskas@akerman.com
>   Secondary Email: ann.lambert@akerman.com
>   Secondary Email: jennifer.meehan@akerman.com
>   Jackson M. Story
>   Florida Bar Number: 1032001
>   Primary Email: jackson.story@akerman.com
>   Secondary Email: tracy.lee@akerman.com
>   50 North Laura Street, Suite 3100
>   Jacksonville, FL 32202
>   Telephone: 904-798-3700
>   Facsimile: 904-798-3730
>
> *Counsel for Defendant Thor Motor Coach, Inc.*